CASCADE FOUNDRY CO. v. L. J. MUELLER FURNACE CO.

(Circuit Court, W. D. Pennsylvania.   September 29, 1905.)

No. 1.

TRIAL—QUESTIONS FOR JURY.

The right to a jury trial, being a constitutional one, is not to be denied, except in a clear case.   When the facts are such that two fair-minded men may draw different inferences from them, and such different inferences lead to different verdicts, then the jury, and not the court, is the tribunal to decide which inference shall be drawn.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 337.]

At Law.   Sur motion for new trial.

J. W. Sproul, for plaintiff.

Frank R. Gunnison, for defendant.

BUFFINGTON, District Judge.   This is a motion for a new trial. It is alleged the court erred in submitting the question of the plaintiff's right to rescind to the jury.   Under the proofs in the case, we are clear it was the court's duty to concede its right to have the facts submitted to the jury.   It need hardly be said the right to a jury trial is one of high order, indeed a constitutional one, and therefore not to be denied except in a clear case.   When the facts are such that two fair-minded men may draw different inferences from them, and such differing inferences lead to different verdicts, then the jury—and not the court—is the tribunal to decide which inference shall be drawn. In this case, an intelligent jury has drawn from the facts the inferences contended for by the plaintiff, namely, that a misrepresentation of existing facts was made, that it was material, and that the contract was made on the faith of such statements.   An examination of the proofs satisfies us that, if believed, fair-minded men might reasonably draw such inference and conclusion.   The evidence of Mr. Rossiter is express that Mr. Mueller was asked whether the pattern weights, with the percentage provided in the proposed contract, gave actual weight. "I asked him if it could be done at that weight, and he said it could be done at that weight, and the Walworth Run people had been doing it for the last five years, made the most positive statement on that subject, and he was interrogated closely about it."   Now there was testimony that the weight of the Walworth Run castings, instead of overrunning 6 and 8 per cent., exceeded the pattern weight as much as 16 and 18 per cent.   Indeed, in view of all the facts in evidence, of the situation of the parties, that plaintiff had submitted its bid on the basis of actual weights, the suggestion of the defendant to a change to a percentage above pattern weight, the inexperience of plaintiff's officers in such castings, and the familiarity of defendant's officers with them, we think the question was eminently one for a jury to pass upon.   It was denied by the witness, Mueller, that such a statement was made, but that if made it was a mere expression of opinion.   We think, however, that it might well be contended that this was a positive inducing statement that the Walworth Run people had for years obtained actual metal weight from the proposed percentage above pattern

weight, while there was proof that the weighing of such castings did not support this assertion. After careful consideration, we think no error was committed in refusing to take the case from the jury, and that it was submitted under proper instructions.

The motion for a new trial is therefore refused.